UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND BALU,<br>　　　　Plaintiff,<br>　　v.<br>REBECCA DRUCKMAN, et al.,<br>　　　　Defendants. | Case No. 24-cv-02088-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 23, 31 |

The defendants in this action have filed two motions to dismiss plaintiff's complaint. Dkt. Nos. 23 and 31. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution without oral argument, and VACATES the hearings on January 10, 2025 and January 31, 2025. For the reasons stated below, the Court GRANTS the motions and DISMISSES plaintiff's complaint without leave to amend.

**BACKGROUND**

Plaintiff Arvind Balu ("plaintiff") pursues this litigation as a result of a series of events that started twenty-seven years ago. In 1997, plaintiff was arrested and convicted of committing numerous felonies. *See Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. No. 120.[1] In 2000, the California Court of Appeals reversed plaintiff's conviction on two of the felony counts but affirmed the other convictions. *Id.* Then, in May 2006, Lake County Superior Court granted plaintiff's petition for writ of habeas corpus on the grounds that plaintiff was not competent

---

[1] The Court grants the parties' requests for judicial notice of prior judicial proceedings involving plaintiff. *See* Fed. R. Evid. 201.

during the original trial and set aside his remaining convictions. *Id.* One month later, in June 2006, the court granted the county district attorney's motion to dismiss all charges against plaintiff. *Id.*

In 2008 and 2009, plaintiff filed several complaints against a long list of county and state defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights during the criminal investigation and prosecution. *Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. Nos. 1, 58, 69. This Court concluded plaintiff failed to state any viable claims and dismissed the complaints, ultimately without leave to amend. *Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. Nos. 52, 120.

Plaintiff now seeks to reassert § 1983 claims based on the same underlying criminal investigation and prosecution, alleging malicious prosecution, fabrication of evidence, and due process violations. Dkt. Nos. 1, 18. Plaintiff has sued Rebecca Druckman, Stephen Hedstrom, Jan Layfield, and George Roxson. The first three individuals were named defendants in plaintiff's 2008-09 litigation. *See Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.). Druckman and Hedstrom are former district attorneys for Lake County. Dkt. No. 18 at 3. Roxson is alleged to have been an investigator for the Lake County District Attorney's Office. *Id.* Layfield, now deceased, was a police detective. *Id.* Plaintiff then added Carl Warren & Associates, an insurance administrator, as a defendant who is "responsible for representing the legal and financial liabilities of Detective Jan Layfield."[2] *Id.*

In a handwritten notation to his original complaint in this action, plaintiff noted three reasons for his new filing: the U.S. Supreme Court's decision in *Thompson v. Clark*, 596 U.S. 36 (2022); a recent amendment to the California Bane Act, California Civil Code section 52.1; and an ambiguous reference to "newly discovered harm."[3] Plaintiff's original complaint was filed on April 5, 2024, almost exactly two years after the ruling in *Thompson v. Clark*. Plaintiff then filed an amended complaint on October 22, 2024. Dkt. No. 18.

Defendants Druckman, Hedstrom, and Roxson moved to dismiss plaintiff's claims based on

---

[2] The accurate legal name of this entity is Carl Warren & Company, LLC. *See* Dkt. No. 31.

[3] Plaintiff may be referencing recent studies that allegedly show harmful effects of Abilify, a drug plaintiff was forced to take during his incarceration. *See* Dkt. No. 18 at 5.

1    res judicata (claim preclusion), the statute of limitations, and Eleventh Amendment immunity or
2    prosecutorial immunity. Dkt. No. 23. Defendant Carl Warren & Company moved to dismiss on the
3    basis of res judicata and the statute of limitations, and on the basis that it is not a proper party. Dkt.
4    No. 31.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Res Judicata (Claim Preclusion)**

Under the doctrine of res judicata, also known as claim preclusion, "a final judgment on the

1    merits of an action precludes the parties or their privies from relitigating issues that were or could
2    have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Claim preclusion
3    applies where the earlier suit (1) involved the same claim or cause of action as the later suit, (2)
4    reached a final judgment on the merits, and (3) involved identical parties or privies." *Save Bull*
5    *Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022) (internal quotation marks and citations
6    omitted). The doctrine bars litigating any grounds for recovery that could have been asserted in the
7    earlier suit, even if they were not put forward by a party previously. *C.D. Anderson & Co. v. Lemos*,
8    832 F.2d 1097, 1100 (9th Cir. 1987). The most important factor for determining whether the later
9    suit involves the same cause of action is "whether the two suits arise out of the same transactional
10   nucleus of facts." *Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th
11   Cir.1982)). A plaintiff cannot avoid claim preclusion by pleading a new legal theory when the
12   underlying facts remain the same. *See Costantini*, 681 F.2d at 1201. And claim preclusion still
13   applies even if the underlying law changes after the first decision has been made. *Federated Dep't*
14   *Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981).

15         Defendants correctly argue that res judicata bars plaintiff's claims here. Dkt. No. 23 at 4-5;
16   Dkt. No. 31 at 4-5. First, plaintiff's claims arise from the same set of facts as the claims in his
17   unsuccessful litigation fifteen years ago. Plaintiff contended then—and contends now—that his
18   constitutional rights were violated when he was investigated, arrested, and convicted in 1997.
19   Second, when this Court in 2009 dismissed plaintiff's lawsuit with prejudice for its failure to state
20   a claim, it entered a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957
21   (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim
22   under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."). Plaintiff's
23   argument that the prior case was dismissed on procedural grounds is incorrect. The Court dismissed
24   plaintiff's original litigation due to its lack of substance, not a procedural deficiency. *See Balu v.*
25   *Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. Nos. 52, 120. Third, defendants
26   Druckman, Hedstrom, and Layfield were named in that prior action. Plaintiff's claims against
27   Druckman, Hedstrom, and Layfield are clearly barred.
28         The remaining question is whether defendants Carl Warren & Company and George Roxson

1    are in privity with the defendants in the prior suit. "The focus of the [privity] inquiry is whether the
2    party in the later action was sufficiently close to the party in the first action so as to justify
3    application of preclusion principles." *Trujillo v. Santa Clara Cnty.*, 775 F.2d 1359, 1367 (9th Cir.
4    1985) (internal quotation marks and citation omitted). Here, plaintiff has named Carl Warren &
5    Company as defendant because the company is allegedly "responsible for representing the legal and
6    financial liabilities of Detective Jan Layfield." Dkt. No. 18 at 3. As such, Carl Warren & Company
7    should be considered in privity with Layfield, a named defendant in the original suit.[4]

8    Whether defendant Roxson is in privity with the other members of the District Attorney's
9    office is less straightforward. Defendant Roxson is alleged to have been a member of the District
10   Attorney's office like Druckman and Hedstrom. While Druckman, Hedstrom, and the District
11   Attorney's office were named as defendants in the prior suit, Roxson was not. The Supreme Court
12   has declared that "[t]ere is privity between officers of the same government so that a judgment in a
13   suit between a party and a representative of the United States is res judicata in relitigation of the
14   same issue between that party and another officer of the government." *Sunshine Anthracite Coal*
15   *Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). But the issue in *Sunshine* is not directly analogous to
16   this case. There, a federal revenue agent sought to collect taxes from a coal company after it had
17   been denied a tax exemption by a federal coal commission, a denial that was affirmed by the circuit
18   court of appeals. *Id.* at 390-91. In a separate suit to enjoin the collection, the Supreme Court
19   determined the prior ruling precluded a favorable result for the company because the revenue agent
20   and the coal commission both represented the same interests of the federal government. *Id.* at 401-
21   04. Lower courts have applied this holding from *Sunshine* in a variety of contexts. In *Scott v.*
22   *Kuhlmann*, an individual filed two successive lawsuits contending that employees of the Federal
23   Communications Commission had violated his constitutional rights. 746 F.2d 1377, 1377 (9th Cir.
24   1984). While the named defendants differed in the second suit, the court applied res judicata because
25   "all [defendants] are employees of the FCC who participated in the inquiry" that led to the alleged
26   rights violation at the basis of both lawsuits. *Id.* at 1378; *see also Furnace v. Giurbino*, 838 F.3d

---

[4] This analysis assumes without deciding that Carl Warren & Company is properly named as a defendant.

5

1019, 1028 (9th Cir. 2016) (holding a newly named prison supervisor in privity with other prison employees who had been named in a previous suit); *Cox v. Kernan*, No. 2:19-CV-01637 JAM DB, 2021 WL 3783911, at *5 (E.D. Cal. Aug. 26, 2021), *report and recommendation adopted*, No. 219CV1637JAMDBP, 2021 WL 5494700 (E.D. Cal. Nov. 23, 2021), *aff'd*, No. 21-17131, 2023 WL 6937411 (9th Cir. Oct. 20, 2023) (holding a prison official in a § 1983 suit in privity with other prison officials named in the plaintiff's prior habeas petitions); *Church of New Song v. Establishment of Religion on Taxpayers' Money*, 620 F.2d 648, 654 (7th Cir. 1980) (holding employees of the Federal Bureau of Prisons from two different locations in privity in suits from the same plaintiff—who had transferred prison facilities—alleging the same violation of constitutional rights). Nonetheless, government agents are not always in privity with each other when they represent different interests or use litigation to pursue different purposes. *See, e.g., United States v. Wanland*, 830 F.3d 947, 957 (9th Cir. 2016) ("[T]he IRS in a bankruptcy action and the United States government in a criminal action are not in privity.").

Here, the interests of Roxson may have differed from the other members of the District Attorney's office at the time of the events in question. The conduct of one employee may violate constitutional rights while the conduct of another may not. However, plaintiff has not alleged facts that place Roxson's conduct in a distinct position compared to the other defendants. The amended complaint refers to Roxson to identify him and to assert that all the defendants acted collectively to maliciously prosecute him. Dkt. No. 18 at 3, 7.[5] Under the facts alleged here, the Court concludes that Roxson "was sufficiently close to the part[ies] in the first action so as to justify application of preclusion principles." *See Trujillo*, 775 F.2d at 1367.

In short, res judicata bars plaintiff's claims against all the defendants. Since plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face," the Court GRANTS the motion to dismiss. *See Twombly*, 550 U.S. at 570.

---

[5] The original complaint, no longer the operative complaint, only states, "District attorney's investigator Roxson did not unearth all documents and failed to seek the truth/along with Detective Layfield that was involved in an early stage in the spring of 1997... before the arrest and prosecution- when critical evidence was suppressed- evidence was destroyed-evidence was concocte [sic]". Dkt. No. 1 at 10.

## II. Statute of Limitations

As an alternative grounds for dismissal, defendants argue the statute of limitations bars plaintiff's claims. Dkt. No. 23 at 5-6. The statute of limitations for actions under § 1983 is determined by the relevant state law for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California, the limitations period is two years. Cal. Code Civ. Pro. § 335.1. For a claim related to an unlawful conviction, the time period begins when the sentence is invalidated. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). Here, plaintiff's remaining convictions were invalidated on May 16, 2006, meaning the statute of limitations expired in 2008. Indeed, this Court determined plaintiff's suit filed in 2008 also violated the statute of limitations because it was filed too late that year. *Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. No. 52 at 4. Plaintiff remains outside the statute of limitations here as to all defendants.[6]

Plaintiff creatively argues that the Supreme Court decision in *Thompson v. Clark* started a new clock for his malicious prosecution claim, but he misunderstands the law. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff seeking damages for unconstitutional conviction or imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. 477, 486-87 (1994). Some circuits interpreted *Heck* to mean that a § 1983 malicious prosecution claim required the plaintiff obtain a finding of innocence. *See Thompson*, 596 U.S. at 41. While the Supreme Court in *Thompson* overruled precedent in other circuits that required an "affirmative indication of innocence" before pursuing a malicious prosecution claim under § 1983, 596 U.S. at 41, 48, that had never been the law in the Ninth Circuit. Prior to *Thompson*, the Ninth Circuit explained that the requirement for favorable termination to pursue a § 1983 suit for wrongful conviction differed from the requirement at common law to show innocence to succeed in the tort of malicious prosecution. *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1201-03 (9th Cir. 2020). As such, plaintiff was not barred from asserting a timely malicious prosecution claim after his

---

[6] In the event defendant Roxson were not in privity with the other defendants for purposes of res judicata analysis, these claims against him would be precluded by the statute of limitations.

7

successful writ of habeas corpus—and plaintiff did not receive a new starting clock in 2022.[7]

Since plaintiff cannot overcome the statute of limitations with amended pleadings, the Court DISMISSES plaintiff's complaint without leave to amend.

### III.   Remaining Claims and Defenses

Besides *Thompson v. Clark*, plaintiff's other two stated reasons for submitting a new complaint were 2022 amendments to California's Bane Act (California Civil Code section 52.1) and recent scholarship suggesting a medication plaintiff took while incarcerated has negative long term effects. The referenced amendments to the Bane Act removed certain immunity defenses allowed to peace officers under that act and took effect January 1, 2022. 2021 Cal. Stat. Ch. 409, § 3. These amendments do not alter the effect of res judicata or the statute of limitations on plaintiff's claim.[8] Neither does emerging science about the potential harm a plaintiff may have suffered when the plaintiff previously failed to establish the injury leading to that harm.

Defendants Hedstrom and Druckman also raise defenses based on the Eleventh Amendment's grant of immunity to states and prosecutorial immunity. Dkt. No. 23 at 6-7. As plaintiff's claims do not survive either res judicata or the statute of limitations, the Court does not need to consider these defensive arguments. The Court also need not determine Carl Warren & Company's argument that it is not a proper successor in interest to decedent Layfield. *See* Dkt. No. 31 at 6.

///

---

[7] Plaintiff argues alternatively that the statute of limitations should be equitably tolled, but does not cite to any persuasive authority that would suggest equitable tolling should apply to plaintiff's circumstances. *See Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999).

[8] Plaintiff also belatedly requests judicial notice of California Senate Bill 78 of the 2023-2024 legislative session, enacted in 2023. Dkt. No. 30. This bill provides a mechanism for individuals whose charges were dismissed after a writ of habeas corpus to apply for compensation if they have been wrongly incarcerated. It does not prove that he was barred from pursuing a § 1983 claim for malicious prosecution from 2006 to 2008. As discussed above, a finding of factual innocence was not necessary under Ninth Circuit law for such a claim.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions and DISMISSES plaintiff's complaint without leave to amend.

**IT IS SO ORDERED**.

Dated: January 7, 2025

SUSAN ILLSTON
United States District Judge