United States District Court
Northern District of California

1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    ARVIND BALU,                              Case No. 24-cv-02088-SI

8              Plaintiff,

9         v.                                   **ORDER DENYING PLAINTIFF'S
                                               RULE 59(E) MOTION TO AMEND
10   REBECCA DRUCKMAN, et al.,                 THE JUDGMENT**

11             Defendants.                     Re: Dkt. No. 40

12

13        The history of this case is known to the parties and was recited by the Court in its prior order

14   from January 7, 2025. *See* Dkt. No. 38 ("Prior Order").  In the Prior Order, the Court granted

15   defendants' motions to dismiss on the grounds of res judicata and the statute of limitations. *Id.*  The

16   Court then issued a judgment in favor of defendants.  Dkt. No. 39.  Plaintiff Arvind Balu timely

17   moved the Court to alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil

18   Procedure.  Dkt. No. 40 ("Mot.").  The Court withheld ruling on the motion until plaintiff's separate

19   recusal motion was adjudicated.[1]  For the reasons stated below, the Court DENIES the motion to

20   amend.

21

22                               **LEGAL STANDARD**

23        Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or

24   amend the judgment of a court within twenty-eight days of that judgment.  Fed. R. Civ. P. 59(e).

25   "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with

26   newly discovered evidence, (2) the district court committed clear error or made an initial decision

27

28        [1] The recusal motion was denied, by a different, randomly assigned District Judge, on April
     28, 2025.  See Dkt. Nos. 44, 45, 46, 47, 48, 50, 51, 52, 55, 56, 57, 58, 59, 60, 62, 63.

United States District Court
Northern District of California

1   that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v.*

2   *City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted).

3

4                                      **DISCUSSION**

5        In his motion, plaintiff contends the Court committed numerous errors in its Prior Order.

6   *See generally* Mot.  Plaintiff does not argue that new evidence has surfaced or that the law changed

7   in the month after the Prior Order was issued.

8

9   **I.      Procedural Bar to a Malicious Prosecution Claim**

10       First and foremost, plaintiff asserts that the Court misinterpreted the state of Ninth Circuit

11  law prior to the Supreme Court's ruling in *Thompson v. Clark*, 596 U.S. 36 (2022).  *See* Mot. at 4-

12  9.  Plaintiff continues to argue that he was barred from presenting a claim of malicious prosecution

13  prior to the 2022 *Thompson* ruling and therefore his claim should not be precluded by res judicata

14  or the statute of limitations.

15       In the Prior Order, the Court explained:

16              Plaintiff creatively argues that the Supreme Court decision in
                *Thompson v. Clark* started a new clock for his malicious prosecution
17              claim, but he misunderstands the law. In *Heck v. Humphrey*, the
                Supreme Court held that a plaintiff seeking damages for
18              unconstitutional conviction or imprisonment "must prove that the
                conviction or sentence has been reversed on direct appeal, expunged
19              by executive order, declared invalid by a state tribunal authorized to
                make such determination, or called into question by a federal court's
20              issuance of a writ of habeas corpus . . . ." 512 U.S. 477, 486-87 (1994).
                **Some circuits interpreted *Heck* to mean that a § 1983 malicious**
21              **prosecution claim required the plaintiff obtain a finding of**
                **innocence. See *Thompson*, 596 U.S. at 41. While the Supreme**
22              **Court in *Thompson* overruled precedent in other circuits that**
                **required an "affirmative indication of innocence" before**
23              **pursuing a malicious prosecution claim under § 1983, 596 U.S. at**
                **41, 48, that had never been the law in the Ninth Circuit.** Prior to
24              *Thompson*, the Ninth Circuit explained that the requirement for
                favorable termination to pursue a § 1983 suit for wrongful conviction
25              differed from the requirement at common law to show innocence to
                succeed in the tort of malicious prosecution. *Roberts v. City of*
26              *Fairbanks*, 947 F.3d 1191, 1201-03 (9th Cir. 2020). As such, plaintiff
                was not barred from asserting a timely malicious prosecution claim
27              after his successful writ of habeas corpus—and plaintiff did not
                receive a new starting clock in 2022.

28

1    Dkt. No. 38 (emphasis added).

2         The starting point of the analysis is agreed upon: *Heck* requires a "favorable termination" to

3    proceed with a § 1983 malicious prosecution claim.  512 U.S. 484 n.4.  In the wake of *Heck*, lower

4    courts disagreed about what constituted a "favorable termination."  In *Thompson*, the Supreme Court

5    posed the question this way:

6              Does it suffice for a plaintiff to show that his criminal prosecution
               ended without a conviction?  Or must the plaintiff also demonstrate
7              that the prosecution ended with some affirmative indication of his
               innocence, such as an acquittal or a dismissal accompanied by a
8              statement from the judge that the evidence was insufficient?

9    596 U.S. at 39.  The *Thompson* Court concluded that an "affirmative indication of innocence" was

10   not required; if the criminal prosecution ended without a conviction, that was sufficient.  *Id.* at 49.[2]

11        Plaintiff argues this Court errored in its Prior Order by not understanding that a 2004 Ninth

12   Circuit decision barred plaintiff from filing his malicious prosecution claim in 2008, but plaintiff

13   neglects the relevant holding in that case.  *See Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir.

14   2004).   There, the district attorney filed a motion to dismiss charges against a former criminal

15   defendant named Awabdy pursuant to California Penal Code section 1385.  *Id.* at 1066.  Awabdy

16   then filed a malicious prosecution action under 42 U.S.C. § 1983 about eighteen months later.  *Id.*

17   The court allowed the claim because

18             [w]hen such a dismissal is procured as the result of a motion by the
               prosecutor and there are allegations that the prior proceedings were
19             instituted as the result of fraudulent conduct, a malicious prosecution
               plaintiff is not precluded from maintaining his action unless the
20             defendants can establish that the charges were withdrawn on the basis
               of a compromise among the parties or for a cause that was not
21             inconsistent with his guilt.

22   *Id.* at 1068.  In essence, this holding puts the "burden" on the subsequent civil defendants to show

23   a prosecutor's dismissal of charges does not indicate innocence per *Heck*, rather than requiring the

24   plaintiff to show an affirmative indication of innocence.  *See Nhia Kao Vang v. Decker*, 607 F.

25   App'x 728, 729 (9th Cir. 2015).

26        Plaintiff's case mirrors *Awabdy* in crucial ways.  Plaintiff's remaining criminal convictions

27   _____

28        [2] This Court notes that the *Thompson* opinion did not reference any Ninth Circuit opinions.
     *See generally Thompson*, 596 U.S. 36.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    were reversed after his writ of habeas corpus on May 16, 2006. *Balu v. Lake County et al.*, No.

2    3:08-cv-03014-SI (N.D. Cal.), Dkt. No. 39, Ex. B. Then, the district attorney moved to dismiss the

3    charges against plaintiff under Penal Code section 1385—the same procedural mechanism as in

4    *Awabdy*—and the superior court granted the motion on June 19, 2006. *Id.*, Ex. C. Therefore, like

5    Awabdy, plaintiff was able to present a claim for malicious prosecution from that point until the

6    statute of limitations had run.

7        Later, as the Court noted in its Prior Order, the Ninth Circuit in 2020 moved further away

8    from requiring a finding of innocence before proceeding with a malicious prosecution claim under

9    section 1983. See *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1201-02 (9th Cir. 2020). So even

10   if *Awabdy* had somehow barred plaintiff from filing this claim in his original 2008 lawsuit, the *Heck*

11   bar had lifted by 2020, not 2022.

12       The Court recognizes that the Prior Order did not include a full discussion of *Awabdy*'s

13   application to this case. Nonetheless, the Court's prior holding was correct: plaintiff could have

14   proceeded on his malicious prosecution claim prior to the decision in *Thompson*. The Court has not

15   "committed clear error or made an initial decision that was manifestly unjust." *Zimmerman*, 255

16   F.3d at 740. Therefore, plaintiff's motion to amend the judgment on this ground is DENIED.[3]

17

18   **II.    Other Alleged Errors**

19       Plaintiff contends the Court made numerous other clear errors, but these contentions

20   similarly lack merit.

21       First, plaintiff challenges the Court's consideration of the doctrine of privity to apply res

22   judicata to the defendants. In the Prior Order, the Court held that res judicata barred the claims

23   against defendants Druckman, Hedstrom, Layfield, and, via privity, defendants Roxson and Carl

24   Warren & Company. Prior Order at 4-6. Plaintiff argues that the Court improperly applied privity

25   sua sponte, Mot. at 10, 12, 19-20, but defendants raised the issue in both of their motions to dismiss

26

27       [3] Plaintiff also argues that the Court failed to apply equitable tolling, *see* Mot. at 14-15, 20-
28   24, but plaintiff's argument for equitable tolling rests on the faulty premise that he could not bring
     a malicious prosecution claim until 2022.

United States District Court
Northern District of California

1    in such a manner as to give plaintiff opportunity to respond to that argument. *See* Dkt. Nos. 23, 31.

2    In fact, plaintiff responded to the privity argument in his opposition to defendant Carl Warren's

3    motion. *See* Dkt. No. 32.

4       Plaintiff further presents arguments that res judicata should not apply because the defendants

5    who had been named in the prior lawsuit were not personally served or had litigated in an official

6    rather than personal capacity. Mot. at 10-11. The Court first notes that plaintiff could have raised

7    this argument in his opposition to the original motions to dismiss but did not do so. A motion under

8    Rule 59(e) is an opportunity to point out a court's clear error, not a second chance to litigate the

9    same issues. But even considered on the merits, plaintiff's arguments do not persuade the Court

10   that it erred. Druckman and Hedstrom appeared in the former litigation and, through counsel,

11   litigated. *See*, *e.g.*, *Balu v. Lake County et al.*, No. 3:08-cv-03014-SI (N.D. Cal.), Dkt. No. 77.

12   Plaintiff named Layfield in the prior suit and, even if Layfield was not served, his employing

13   agency—the Lake County Sheriff's Department—participated in the litigation. *See id.* The

14   application of res judicata does not constitute manifest injustice under these circumstances.[4]

15      Second, plaintiff challenges the Prior Order by arguing that a procedural dismissal in an

16   earlier case does not lead to res judicata. Mot. at 17-18. The Prior Order was clear, however, that

17   the 2009 dismissal for failure to state a claim was on the merits, not procedural. Prior Order at 4.

18   Plaintiff's reliance on *Ruiz v. Snohomish County Public Utility District No. 1*, 824 F.3d 1161, 1162

19   (9th Cir. 2016) in his Rule 59(e) motion is unavailing. In that case, the earlier action was dismissed

20   by the district court for two reasons, a lack of personal jurisdiction and a running of the statute of

21   limitations. *Ruiz*, 824 F.3d at 1164. The former is not a dismissal on the merits, but the latter is.

22   *Id.* The Ninth Circuit held that when a lack of jurisdiction is one holding, the dismissal must be

23   considered procedural. *Id.* at 1165. In this case, however, the earlier action was not dismissed for

24   a lack of jurisdiction, so the holding in *Ruiz* does not apply. *Balu v. Lake County et al.*, No. 3:08-

25   cv-03014-SI (N.D. Cal.), Dkt. No. 120.

26      Third, plaintiff argues the Court "entirely ignored" his argument about newly discovered

27

28     [4] Even if the Court is incorrect on this holding, the statute of limitations independently
precludes plaintiff from continuing this litigation.

1    harm from a medication he took while incarcerated.  Mot. at 24-25.  The Court in fact addressed this

2    argument, but found that it did not alter the preclusive effect of res judicata or the statute of

3    limitations.  Prior Order at 8.

4         Finally, plaintiff protests that the Court did not construe his case liberally.  Mot. at 25-31.

5    When a plaintiff is pro se, a court "must 'construe the pleadings liberally' and 'afford the petitioner

6    the benefit of any doubt.'"  *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe*

7    *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).  "A liberal construction of a pro se complaint, however,

8    does not mean that the court will supply essential elements of a claim that are absent from the

9    complaint."  *Id.*  The Court is sympathetic to the challenges faced by pro se plaintiffs like Mr. Balu

10   and, in September 2024, provided him with legal resources and an extended deadline in the face of

11   defendants' initial motion to dismiss.  *See* Dkt. No. 16.  But the Court could not ignore that the law

12   of res judicata and the statute of limitations barred plaintiff's claims in this case.

13

14                                 **CONCLUSION**

15       For the foregoing reasons and for good cause shown, the Court hereby DENIES the motion

16   to amend or alter the judgment.

17

18       **IT IS SO ORDERED**.

19   Dated:  April 29, 2025

20                                                                    _____

21                                                                    SUSAN ILLSTON
                                                                      United States District Judge
22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*